LUIS F. BALAGUER, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1264. Argued December 15, 1941.—Decided January 13, 1942.

*Justo A. Casablanca* for petitioner. The respondent judge appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The legal question involved in this case is as follows: Where an attachment of personal property has been sued out, is the court which decreed the same exclusively empowered to designate the depositary of the attached goods or is such designation to be made exclusively by the attaching creditor?

The petitioner herein brought, in the District Court of San Juan, an action for damages against Manuel C. Berríos and requested the attachment of property of the defendant. The lower court decreed the attachment upon the furnishing of a bond for $1,000 and, in the order of attachment, designated Ricardo Fernández, of Juncos, P. R., as depositary of the property to be attached.

The petitioner alleges that he immediately applied for a reconsideration and amendment of the order as to the designation of the depositary on the grounds: (a) that he was not acquainted with Fernández, nor had he asked the court to designate him; and (b) that Section 12 of the Act to Secure the Effectiveness of Judgments (March 1, 1902, Comp. Stat. 1911, Secs. 5233–5250) clearly provides that "the plaintiff, or the person he may designate upon his responsibility, may be appointed." The lower court denied the motion,

because in its opinion, under section 10 of said act, it is incumbent on the court granting the attachment of personal property to designate the person to be apopinted as depositary of the attached property. The cited act reads as follows:

"Sec. 10. An order prohibiting the alienation of personal property, and an attachment on the same, shall be effected by depositing the personal property in question with the court, or the person designated by it, under the responsibility of the plaintiff. . . ."

The statute invoked by the petitioner—section 12 of the above-mentioned act—in support of his alleged right to designate the depositary of the attached property, is not applicable to the facts in the present case. Said section confers such right upon the plaintiff where the owner of the attached *real property* abandons the same or neglects its administration or executes any act in detriment of its value.

It is alleged by the petitioner in his amended petition that the respondent judge was moved by passion, prejudice, and partiality in designating Ricardo Fernández as depositary against the express will of the plaintiff who was required to furnish bond to answer for the property deposited with Fernández without his consent; that the respondent judge made such designation at the suggestion of the defendant and in order to please and protect the latter, thus subjecting the plaintiff, petitioner herein, to the risk of the attachment becoming ineffectual; and that by such conduct the judge abused his judicial discretion.

The respondent judge has filed an answer in which he denies as unjust the charges made against him in the petition, and in opposition thereto he alleges:

1. That in the first attachment issued in the present case the court, on motion of the plaintiff, designated as depositary of the property Juan Abraham, a resident of Humacao, as the attached goods are located in Juncos.

2. The bond furnished to secure the attachment in question was canceled and the attachment released as the sure-

ties lacked the legal requisites to serve as such sureties because they did not own sufficient property to answer for the amount of the bond.

3. That Juan Abraham had been removed as such depositary because he was disqualified for the office, as it was shown that he had served several sentences for felony and had attempted to remove the attached property from Juncos to Humacao, without being lawfully authorized, and that the plaintiff was allowed ten days to designate another depositary who had to be a person of well-known integrity and a resident of Juncos; that the plaintiff submitted only the name of a person residing in Caguas; and that the court then proceeded to designate Ricardo Fernández, former mayor of Juncos, a person of well-known integrity and who was absolutely trusted by the court.

4. That instead of amending the bond, the plaintiff filed a new one executed by two other sureties, one of which admitted in writing that he did not own sufficient property to qualify as a surety; and that for this reason the court, on motion of the defendant, ordered the delivery to the latter of the attached property.

5. That upon a second motion for securing the judgment, the respondent judge, taking into account all the antecedent facts, as stated in the foregoing paragraphs, designated as depositary the same person who was in possession of the property in question at the time of the dissolution of the former attachment.

6. That the respondent judge has no interest whatever in designating Fernández or any one else in particular as depositary, his only concern being that the person designated should have the required qualifications of honesty, morality, and capacity to fill the office and that he should be a resident of the place where the property is located and whom the court might trust.

■ We have examined the original record of civil case No. 37911 sent up to this court by the District Court of San Juan and the same is sufficient to establish beyond any doubt the truth of the statements of the respondent judge and to justify us in rejecting as unfair and groundless the imputations of passion, prejudice, and partiality contained in the petition.

The language of Section 10 of the Act to Secure the Effectiveness of Judgments is so clear that it leaves no room for doubt as to the power granted to the court to designate a depositary for the attached property.

■ Notwithstanding the power conferred by the statute upon the judge who decrees the attachment, our insular courts, doubtless bearing in mind that a plaintiff who seeks an attachment binds himself together with the sureties to answer for any damages that might be caused to the defendant, have followed the practice—which we consider a commendable one—of appointing as depositary the person designated or recommended by the plaintiff. Such practice was authorized by the former Law of Civil Procedure, Sections 1447 and 1554. The respondent judge in his answer concedes that such is the practice which, in his opinion, should be followed, and alleges that he has followed it in every attachment on personal property decreed by him; but he maintains that he was justified in deviating from it in the case at bar, by reason of the conduct of plaintiff himself.

■ We think that the lower court neither erred nor abused its discretion in designating the depositary in the way it did. The plaintiff was given an opportunity to designate a person worthy of the confidence of the court and he designated for the office a person who was disqualified by reason of his having been convicted of felony. He was given another opportunity to designate a person whose moral soundness was well known and he designated somebody domiciled in Caguas. It was then that the lower court, inde-

pendently of the plaintiff and in the exercise of the power conferred on it by the statute, proceeded to appoint Ricardo Fernández whom the court trusted. The petitioner has not challenged in any way the reputation or the moral qualifications of Fernández. His only objection is that he does not know him.

In the absence of any reason that might justify our interfering with the discretion of the lower court, the writ issued must be discharged and the proceedings thereon dismissed.